RENDERED: JULY 17, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1632-ME

E.J.Y.                                                                                    APPELLANT

v.

APPEAL FROM LYON CIRCUIT COURT
HONORABLE NATALIE WHITE, JUDGE
ACTION NO. 25-AD-00003

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; J.B.L.Y., A
MINOR CHILD; AND M.D.R.                                                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: E.J.Y. (Mother), appeals from an order and judgment of the

Lyon Circuit Court, terminating parental rights to her minor child, J.B.L.Y.

(Child). She argues that the circuit court clearly erred and requests that this Court

reverse the circuit court's termination order. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Child was born in January of 2022. The Cabinet for Health and Family Services (Cabinet) became involved in this case based on information that Mother was leaving the child unattended and abusing substances. The Cabinet initially negotiated a prevention plan with Mother. The Cabinet received a second referral with similar concerns that Mother was leaving the child unattended, hiding drugs in the home, and allowing drug deals to occur in the home. Mother was charged with Possession of Marijuana, Drug Paraphernalia, and Endangering the Welfare of a Minor. The Cabinet filed a petition for emergency custody on October 30, 2023, which was granted by the Hopkins Family Court. Child was placed in the temporary care of a relative. Mother stipulated to a finding of neglect and dependency, and Child was committed to the Cabinet on May 7, 2024.

On June 11, 2025, the Cabinet initiated an action to terminate Mother's parental rights. Child's father voluntarily terminated his parental rights and is not a party to this appeal. Mother raises two arguments on appeal: 1) the circuit court erroneously found that the Cabinet met its burden under KRS 625.090;[1] and 2) the court failed to properly consider KRS 625.090(5). We now turn to our standard of review and its application to the present issues on appeal.

---

[1] Kentucky Revised Statutes.

## STANDARD OF REVIEW

We begin by noting a "trial court has wide discretion in terminating parental rights." *Cabinet for Health and Family Services v. K.H.*, 423 S.W.3d 204, 211 (Ky. 2014). Accordingly, "our review is limited to a clearly erroneous standard which focuses on whether the family court's order of termination was based on clear and convincing evidence." *Id.* (citing CR[2] 52.01). "Clear and convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent minded people." *M.S.S. v. J.E.B.*, 638 S.W.3d 354, 360 (Ky. 2022) (citation omitted). "Pursuant to this standard, an appellate court is obligated to give a great deal of deference to the family court's findings and should not interfere with those findings unless the record is devoid of substantial evidence to support them." *Cabinet for Health and Family Services v. T.N.H.*, 302 S.W.3d 658, 663 (Ky. 2010). "Because termination decisions are so factually sensitive, appellate courts are generally loathe [sic] to reverse them, regardless of the outcome." *D.G.R. v. Commonwealth, Cabinet for Health and Family Services*, 364 S.W.3d 106, 113 (Ky. 2012).

---

[2] Kentucky Rules of Civil Procedure.

## ANALYSIS

KRS 625.090 governs the termination of parental rights in Kentucky. Before terminating parental rights, a court must find by clear and convincing evidence the following: (1) the child is or has been adjudged abused or neglected as defined in KRS 600.020(1); (2) termination is in the child's best interest; and (3) at least one of the conditions in KRS 625.090(2)(a)-(k) exists. Here, it is undisputed that Child was abused and neglected. The court made findings demonstrating that it considered all relevant best-interest factors in KRS 625.090(3). Specifically, the court found the Cabinet has offered all reasonable services to Mother to reunite the family (KRS 625.090(3)(c)); Mother's efforts were insufficient to make it in Child's best interest to return home within a reasonable time, considering Child's age (KRS 625.090(3)(d)). Lastly, the circuit court made affirmative findings in accordance with KRS 625.090(2)(a), (e), (g), and (j).

Mother disputes these findings. Each of her contentions can best be summarized as taking issue with the Cabinet's involvement in the underlying proceedings and its efforts to reunite Mother and Child pursuant to Mother's case plans. As to the best-interest factors, Mother takes specific issue with the court's determination that she failed to make progress with her case plan. In support she cites to KRS 625.090(3)(d), which requires the court to consider "[t]he efforts and

-4-

adjustments the parent has made in his or her circumstances, conduct, or conditions to make it in the child's best interest to return the child to his or her home within a reasonable period of time, considering the age of the child[.]"

In its sixteen-page findings of fact and conclusions of law, the circuit court detailed the underlying case file and the testimonial evidence presented at trial. Mother testified that she was undergoing therapy for anger issues and that she had completed mental health evaluations. She also testified that she recently secured employment, which the circuit court determined in its findings was not credible.

Two Cabinet case workers testified. Her most recent caseworker, Taylor Myrick, testified that Mother had made no case plan progress after June 2024.[3] Myrick further testified that Mother tested positive on multiple occasions for marijuana. Mother also pled guilty to driving under the influence and possession of marijuana. Mother testified that she has a medical marijuana card, and that in addition to smoking marijuana, she takes marijuana gel tabs and seizure medication to treat her seizures.

The circuit court found, and the record so reflects, that Child is in a stable foster placement and is doing well. The court also referenced Mother's son,

---

[3] Mother has had a case plan of some kind since 2023 and she was making progress until she moved from Dawson Springs, Kentucky to Graves County, Kentucky in June 2024.

who was born when Mother was sixteen years old and is now in permanent custody of relatives. Mother does not provide financially for either child. And most critically, the weight of the evidence indicates that Mother has repeatedly failed to make the necessary progress on her case plan(s). In sum, there was ample evidence presented in support of the circuit court's decision that termination was in Child's best interest.

Lastly, Mother has unsuccessfully demonstrated that Child would no longer continue to be abused or neglected if returned to her care. KRS 625.090(5). This statute permits, "[i]f the parent proves by a preponderance of the evidence that the child will not continue to be an abused or neglected child as defined in KRS 600.020(1) if returned . . . to the parent, the court in its discretion may determine not to terminate parental rights." *Id*. Although Mother may sincerely desire to raise her child, there was sufficient evidence presented that Child's welfare would likely be harmed if returned to Mother's care, and that she may be subjected to the same patterns of neglect and negative behavior as existed prior to her removal. Therefore, we find no error in the circuit court's exercise of its discretion under KRS 625.090(5). Because the circuit court's order was supported by substantial evidence, we cannot say that its findings were clearly erroneous.

## CONCLUSION

Based on the foregoing, the Lyon Circuit Court's order and judgment terminating Mother's parental rights is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Harry Boyd Quinn
Cadiz, Kentucky

BRIEF FOR APPELLEE CABINET FOR HEALTH AND FAMILY SERVICES:

Leslie Marie Laupp
Frankfort, Kentucky